```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

DAVID VIALIZ,                    :

    Plaintiff,                  :

V.                               :     Case No. 3:12-CV-724(RNC)

RICK CRESPO et al.               :

    Defendants.                 :

## RULING AND ORDER

Plaintiff brings this action pro se under 42 U.S.C. § 1983 against Waterbury Police Officers Sanchez, Scanlon and Brownell, as well as Sergeant Crespo, claiming false arrest, unreasonable search, and excessive force in violation of the Fourth Amendment.  The Magistrate Judge's recommended ruling of October 12, 2012 (ECF No. 6) recommends that the plaintiff's motion for leave to proceed in forma pauperis be granted, but that the complaint be dismissed in its entirety for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).  The recommended ruling is hereby adopted with regard to the motion for leave to proceed in forma pauperis and the dismissal of the false arrest claim.  However, the action will be allowed to proceed on the unreasonable search and excessive force claims as to defendants Sanchez, Scanlon and Brownell in their individual capacities.[1]

---

[1] Insofar as the complaint asserts claims against the defendants in their official capacities, such claims are hereby dismissed as the plaintiff has alleged no facts suggesting the existence of a municipal policy or custom.  See City of Canton v.

The complaint alleges the following.  On November 17, 2009, Officers Sanchez, Scanlon, and Brownell were dispatched to an apartment where they made contact with plaintiff at the front door.  The saw a "BB rifle" inside the apartment, forced their way inside and conducted a warrantless search.  During the search, the officers pushed the plaintiff, handcuffed him, "smacked" him on the head, and threatened to drown him with a sponge and spray him with mace.  Plaintiff was arrested and eventually pleaded guilty to unlawful possession of a firearm and illegal discharge of a firearm.

The recommended ruling recommends dismissal of the false arrest claim because the criminal case did not terminate in plaintiff's favor.  Proof that the criminal case terminated in a manner favorable to the plaintiff is an essential element of the false arrest claim.  See Roesch v. Otarola, 980 F.2d 850, 853-54 (2d Cir. 1992).  The complaint alleges that plaintiff was convicted based on his plea of guilty.  That is not a favorable termination.  Plaintiff challenges the validity of his guilty plea.  Even assuming he should not have pleaded guilty, the conviction prevents

---

Harris, 489 U.S. 378, 385 (1989) (requiring allegations of "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation" in a claim against a municipal employee in his official capacity). The action is dismissed as to defendant Crespo because the complaint contains no allegations that he committed any acts or omissions in violation of the plaintiff's rights.

him from proving a claim for false arrest.  Accordingly, with regard to the false arrest claim, the recommended ruling is hereby approved and adopted and the claim is dismissed for failure to state a claim on which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

The recommended ruling does not address the claim for unreasonable search.  It is possible that the unreasonable search claim impugns the validity of plaintiff's conviction and is therefore barred under Heck v. Humphrey, 512 U.S. 477, 487 (1994).  See Fifield v. Barrancotta, 353 F. App'x 479, 480-81 (2d Cir. 2009)(suggesting that claim challenging warrantless entry into home may call into question plaintiff's conviction, and thus be barred by Heck, if evidence underlying conviction is fruit of unlawful entry).  But it is not clear at this preliminary stage that the claim is barred.  See Zarro v. Spitzer, 274 F. App'x 31, 35 (2d Cir. 2008)(suit for damages attributable to unreasonable search may lie even if challenged search produced evidence that was used in criminal trial leading to conviction); Rodriguez v. New York City Police Dept., 10 CIV. 891 BSJ THK, 2011 WL 5057205, *5 (S.D.N.Y. Oct. 24, 2011)(allowing unreasonable search claim to proceed notwithstanding conviction for criminal possession of weapon) Jean-Laurent v. Hennessy, 05CV1155(JFB)(LB), 2008 WL 3049875,*9 (E.D.N.Y. Aug. 1, 2008)(claim for unreasonable search not barred by

3

Heck). The Court notes that in order to sustain this claim, the plaintiff will have to prove that he has suffered an "actual, compensable injury . . . which . . . does not encompass the 'injury' of being convicted and imprisoned." Heck, 512 U.S. at 487 n.7 (citations omitted). Proving such an injury may not be possible. Even so, the unreasonable search claim is not subject to dismissal at this time.

The recommended ruling also does not address the claim for excessive force. A police officer's use of force is excessive if it was objectively unreasonable in light of the circumstances that existed at the time. Under this objective standard, not every push or shove in the course of making an arrest violates the Fourth Amendment. If the complaint merely alleged that the plaintiff had been "pushed," it would be insufficient to state a claim for excessive force. However, the allegation that he was "smacked on [the] head," viewed in the context of his other allegations, is at least marginally sufficient. Crediting the allegations and construing them liberally in favor of the plaintiff, the complaint can be interpreted to allege that he was "smacked" on the head after being handcuffed, which could conceivably support a plausible claim.

## ORDERS

The Court enters the following orders:

(1) Plaintiff's Motion for Leave to Proceed in forma

pauperis is granted (Doc. 2).

(2) All claims against the defendants in their official capacities, all claims against defendant Crespo in his official and individual capacity, and the claims against all defendants for false arrest in their individual capacities are **DISMISSED**.  See 28 U.S.C. § 1915(e)(2)(b)(ii).

(3) The action will proceed as to defendants Sanchez, Scanlon, and Brownell in their individual capacities with regard to the claims that they entered and searched the plaintiff's home in violation of the Fourth Amendment and used excessive force in violation of the Fourth Amendment.

SO ORDERED at Hartford, Connecticut this 18th day of December, 2012.

>             /s/ RNC
>         Robert N. Chatigny
>     United States District Judge