UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

DAVID VIALIZ,                         :
                                      :
     Plaintiff,                       :
                                      :
v.                                    :   Case No. 3:12-cv-724 (RNC)
                                      :
RICK CRESPO, et al.,                  :
                                      :
     Defendants.                      :

                           RULING AND ORDER

Plaintiff David Vializ brings this action pro se pursuant to 42 U.S.C. § 1983 against Waterbury Police Officers Stephen Brownell, Martin Scanlon and John Sanchez. Plaintiff alleges that the defendants violated his Fourth Amendment rights when they entered his apartment, conducted a warrantless search, and used excessive force against him. Defendants have moved for summary judgment on all three claims, and plaintiff has not responded to the motion. For the reasons that follow, the motion is granted.

I.   Background

On November 17, 2009, the defendant officers were dispatched to plaintiff's apartment complex to respond to a report of a gun shot. They knocked on plaintiff's door and identified themselves as police officers. Plaintiff partially opened the door. When he did so, the officers could see in plain view what appeared to be a rifle leaning against a wall inside the apartment not far from where the plaintiff was standing. The officers entered and

                                    1

handcuffed the plaintiff.  What appeared to be a rifle was in fact a BB gun.  Plaintiff has testified that when he was handcuffed, he felt pain in his elbow, which was sore from a previous injury.  He told the officers the handcuffs were too tight and the handcuffs were loosened.

Plaintiff has testified that after he was handcuffed and seated, the "tallest" officer threatened him and asked about drugs and money.  He has testified that he was "smacked . . . in the head" by this officer.  Pl. Dep. (ECF No. 80) at 16:24, 81:12-83:9.  According to his testimony, he was hit "[r]ight on the top [of the head] real hard."  Id. at 83:3-9.

Plaintiff alleges that the officers conducted an extensive search of his apartment.  He states that they unscrewed and removed a panel from the bathroom wall, which revealed the presence of a firearm.  The officers contend that the firearm was seized from the plaintiff without a search.  In April 2010, plaintiff pleaded guilty to criminal possession of the firearm, plus illegal discharge of a firearm (apparently, no motion to suppress the firearm was filed).  He was sentenced to five years' imprisonment, execution suspended after two years, and three years' probation.

II. Discussion

Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To avoid summary judgment, the non-moving party must point to evidence that would permit a jury to return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In determining whether this standard is met, the evidence must be viewed in the light most favorable to the non-moving party. Id. at 255. When a plaintiff fails to respond to a properly supported motion for summary judgment, the court still must examine the record to determine whether the movant is entitled to judgment as a matter of law. See Jackson v. Fed. Exp., 766 F.3d 189, 197 (2d Cir. 2014). After conducting this review, I conclude that defendant's motion should be granted.

    A.    Unlawful Entry

For police to enter a home without a warrant is presumptively unlawful, but an exception to the warrant requirement applies when "the exigencies of a situation make the needs of law enforcement so compelling" that a warrantless entry is objectively reasonable. United States v. Simmons, 661 F.3d 151, 156-57 (2d Cir. 2011). Exigent circumstances exist when "the facts, as they appeared at the moment of entry, would lead a reasonable, experienced officer to believe that there was an urgent need to . . . take action." Id.

Based on the evidence submitted with the defendant's motion, a jury would have to find that the exigent circumstances

exception is satisfied here.  It is undisputed that when the plaintiff opened the door to his apartment, the officers could see what appeared to be a rifle in plain view near where he was standing.  See Pl. Dep. (ECF No. 80) at 39:1-40:15, 93:16-25. The presence of what appeared to be a rifle next to the plaintiff soon after a reported gun shot in the immediate vicinity of his apartment made it objectively reasonable for the officers to enter the apartment in the interest of safety.  See United States v. Guadalupe, 363 F.Supp.2d 79, 82 (D. Conn. 2004) (exigent circumstances existed when "unsecured gun clearly presented an imminent threat" to officers and other occupants); United States v. Jones, 239 F.3d 716, 720-22 (5th Cir. 2001) (officer's entry into apartment justified to ensure safety when door was open, police were visible to occupants, and handgun was in plain view near one of the occupants).

    B. Unreasonable Search

    Defendants contend that plaintiff's unreasonable search claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Under Heck, when a verdict in favor of a plaintiff in a case under § 1983 would necessarily imply the invalidity of a criminal conviction, the claim is barred unless the plaintiff can demonstrate that the conviction has been invalidated.  See Jackson v. Suffolk Cty. Homicide Bureau, 135 F.3d 254, 256 (2d

Cir. 1998).[1]  It is undisputed that the firearm underlying plaintiff's criminal conviction is the one the officers seized at the time in question.  Because a verdict in his favor on the unreasonable search claim would necessarily have the effect of undermining his conviction, the claim is barred by Heck.  See Knight v. Cerejo, No. 3:13-CV-1882 JAM, 2015 WL 893421, at *5-6 (D. Conn. Mar. 2, 2015) (claim barred when convictions were "based entirely on guns and drugs found at [plaintiff's] mother's apartment"); Bowers v. Kelly, No. 13 CIV. 06265 LGS, 2015 WL 2061582, at *4-5 (S.D.N.Y. May 4, 2015) (claim barred when challenged stop and search led to recovery of firearm that "was the basis for Plaintiff's conviction"); El v. City of New York, No. 14-CV-9055-GHW, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015) ("[D]istrict courts have frequently found that § 1983 actions targeting a single episode involving a single search necessarily demonstrate the invalidity of a conviction based on that search.").

C.   Excessive Force

The excessive force claim presents an unusual situation.

---

[1] That plaintiff is no longer incarcerated does not place his claims outside the scope of Heck because he was on probation and therefore "in custody" at the time this suit was filed.  See Paulino v. Fischer, No. 9:12-CV-00076 TJM, 2013 WL 5230264, at *6 n.6 (N.D.N.Y. Sept. 16, 2013) (no exception to Heck when civil action was commenced while plaintiff was still incarcerated); Rosato v. New York Cty. Dist. Attorney's Office, No. 09 CIV. 3742 (DLC), 2009 WL 4790849, at *4 (S.D.N.Y. Dec. 14, 2009) (individual on probation is "in custody" for purposes of Heck).

Plaintiff's testimony that he was "smacked" on the top of the head "real hard" while handcuffed would seem to be sufficient to prevent summary dismissal of his claim.  The Fourth Amendment is violated when an officer gratuitously inflicts harm on a person in handcuffs.[2]  And although some excessive force claims have failed due to the "de minimis" nature of the alleged injuries, see Cunninham v. New York City, 04-CV-10232(LBS), 2007 WL 2743580, at*6 (S.D.N.Y. Sept. 18, 2007), a claim can get to a jury even if the plaintiff was not seriously injured.  See Adedeji, 935 F. Supp.2d at 567 ("The slightness of injury suffered as a result of the challenged use of force likewise does not preclude a finding that such force was objectively unreasonable."); Davenport v. Cty. of Suffolk, No. 99-CV-3088 JFB, 2007 WL 608125, at *11 (E.D.N.Y. Feb. 23, 2007) ("A jury may consider the lack of serious injury as evidence that the implemented force was not excessive, and may weigh it against [plaintiff]'s testimony, but that does not mean that there are no circumstances under which [he] can prevail.")

---

[2] See Adedeji v. Hoder, 935 F. Supp. 2d 557, 567 (E.D.N.Y. 2013) (noting that once a suspect is in handcuffs, "even a minor use of force may be found to have been unreasonable"); Lemmo v. McKoy, No. 08-CV-4264 RJD, 2011 WL 843974, at *7 (E.D.N.Y. Mar. 8, 2011) (denying summary judgment when alleged use of force was "entirely gratuitous" because plaintiff had been handcuffed and secured in a holding cell); see also Amnesty America v. Town of West Hartford, 361 F.3d at 123-24 (vacating grant of summary judgment when reasonable jury could find that "officers gratuitously inflicted pain in a manner that was not a reasonable response to the circumstances").

6

What makes plaintiff's claim unusual is the lack of evidence that he suffered even a minor injury as a result of being struck on the head.  Indeed, he has stated that he experienced no injury.  (ECF No. 81) at 16:9.  And there is no evidence he experienced any pain.  Thus, this is not a case of only de minimis injuries resulting from the challenged use of force; it is a case of no injuries at all.  Because the record establishes that plaintiff experienced no injury as a result of being hit on the head, he does not have a triable claim with regard to this alleged use of excessive force.  See 1 Martin A. Schwartz, Section 1983 Litigation: Claims and Defenses, § 3.12[D][1][n] at 3-619 (Supp. 2016-2)("The plaintiff . . . must prove some injury from the use of excessive force.")

Plaintiff does allege that he experienced pain when he was handcuffed.  Excessively tight handcuffing that causes injury can violate the Fourth Amendment.  See Shamir v. City of New York, 804 F.3d 553, 557 (2d Cir. 2015).  The pain plaintiff says he experienced does not support a reasonable inference that the handcuffs were excessively tight.  As he has explained, the pain he experienced was due to a prior injury to his elbow.  There is no allegation or evidence that the officers were aware of the preexisting problem with the plaintiff's elbow, nor any evidence that their handcuffing technique caused additional injury to the elbow.  It is undisputed, moreover, that when the plaintiff said

the handcuffs were too tight, they were loosened. In these circumstances, no reasonable jury could find that the handcuffing was objectively unreasonable.

III. Conclusion

Accordingly, the motion for summary judgment [ECF No. 80] is hereby granted.

So ordered this 31st day of March 2017.

                                          _____/s/ RNC_____
                                               Robert N. Chatigny
                                          United States District Judge